[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON REQUEST FOR LEAVE TO AMEND ANSWER AND SPECIAL DEFENSES OF TRAILMOBILE CANADA CORP.
The plaintiff has objected to the request of defendant Trailmobile Canada Corp. to amend its answer and special defenses. The motion for leave to amend is dated April 13, 1999. The plaintiff claims that a box trailer truck that he alleges was defectively designed by the movant or a party whose liabilities the movant succeeded to, enhanced the injuries he suffered when the car in which he was a passenger struck the truck from the rear. The plaintiff has made no claim that the alleged defect caused he collision, and his claim is limited to the claim of enhanced injuries, or so-called "lack of crash-worthiness" of the truck's design.
REPLEADING OF DEFENSES ALREADY STRICKEN
The plaintiff alleges that some of the proposed special defenses were already pleaded previously by this defendant and were stricken by order of the court, Vertefeuille, J., on January 6, 1997. The plaintiff claims that proposed special defenses 4 and 5 are the same in substance as special defenses previously stricken.
The court finds that the proposed special defenses 4 and 5 raise the same claimed defenses of contributory negligence concerning the cause of the collision between the car and the truck that were previously stricken. The court finds no reason to permit these defenses to be repleaded after that adjudication.
The plaintiff claims that Judge Vertefeuille granted the motion to strike addressed to some of the other special defenses set forth in the proposed amended complaint; however, the plaintiff appears to have listed adjudications that related to a different defendant. CT Page 6914
PLEADING OF SPECIAL DEFENSE #8
This defendant had pleaded as the tenth special defense in its initial special defenses that the product claimed to be defective complied with existing safety standards. The plaintiff has stated that when he moved to revise, the defendant filed a revised complaint that omitted this defense as well as two other special defenses. The plaintiff characterizes this decision as an abandonment and a waiver and takes the position that the defendant should not be allowed to add later claims that it chose to eliminate previously.
In fact, the court finds that on January 6, 1997, Judge Vertefeuille granted a motion to strike the tenth special defense.
The defendant seeks now to amend his special defenses to add as an special defense #8 the same special defense that was formerly stated as defense #10.
While there may be some exceptional circumstances in which a party may be allowed to amend even though it has voluntarily forsaken a claim when challenged by a request to revise or other motion, this is not such an occasion. The defendant implies that the Connecticut Supreme Court decision in Potter v. ChicagoPneumatic Tool Co., 241 Conn. 199 (1997), changes the law with regard to pleading some defenses, and that this change is reason to allow re-pleading.
In Potter, the Connecticut Supreme Court declined to adopt a requirement in product liability cases that the injured plaintiff prove the existence of a reasonable alternative design in order to prevail on a design defect claim. The Court noted that "a product may be defective and unreasonably dangerous even though there are no alternative, safer designs available." Potter v.Chicago Pneumatic Tool Co., supra, 241 Conn. 219. The Court suggested that a jury could consider the existence of alternative designs as part of a consideration whether a product's utility outweighs the risk from its use under existing design options (another way of referring to the "state of the art") but the Court did not rule, as the defendant suggests, that compliance with the state of the art of design of a particular product or with existing safety standards is a defense to an action for injury arising from a defect or dangerous quality of that product. The defendant has confused an issue of admissibility of CT Page 6915 evidence with the existence of a defense to a claim.
This court does not find that circumstances exist that warrant allowing the movant to turn back the clock on the pleadings, resuscitating a count already stricken.
AMENDMENT TO ADD NEW DEFENSES
In its May 9, 1997 answer and special defenses, the first special defense asserted by Trailmobile Canada Corp. is that the box trailer was altered or modified; the second special defense is that it was misused. These were the only two special defenses that this defendant chose to maintain after the plaintiff had filed a request to revise several defenses that were not affected by his motion to strike. The defendant now seeks to add the following new special defenses:
Third — claim of misuse of the automobile
 Sixth — apportionment as provided by Conn. Gen. Stat. § 52-572o (d)
Seventh — compliance with "state of the art" in design
Judge Vertefeuille has already stricken a special defense of defendant Trailmobile, Inc. based on "state of the art." That adjudication is not, of course, binding on Trailmobile Canada, Corp., which apparently seeks to determine whether a different judge will take a different view of the validity of the same defenses.
The standard that applies to a request for leave to amend is not the possible futility of the substance of the amendment. Practice Book § 10-60(b) provides that where an opponent objects to the proposed amendment, the court may exercise discretion, restraining amendments "to compel the parties to join issue in a reasonable time for trial." While trial on issues concerning successor liability is scheduled for November 29, 1999, trial on the merits of the product liability claims is not scheduled until well after that date, and it does not appear that amendment must be restrained for the purposes recognized in Practice Book § 10-60.
CONCLUSION
CT Page 6916
The request for leave to amend is denied with regard to the proposed amendment to add special defenses 4, 5, and 8, since these defenses have previously been stricken. The request for leave to amend is granted as to amendment to add the special defense numbered Special Defenses 3, 6, and 7, as identified above. In allowing amendment, this court should not, of course, be understood to be finding that the substance of such defenses is or is not valid, since that issue must be raised by a motion to strike.
Beverly, J. Hodgson, Judge of the Superior Court